IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IBRAGIMOV RAVSHAN,[1]
A 094 590 232,

        Petitioner,

vs.          Case No. 3:15-cv-01306-DRH

LORETTA LYNCH,
JEFF CHARLES JOHNSON,
RICARDO A. WONG,
SOUTHERN DISTRICT of ILLINOIS
FIELD OFFICE, and
WARDEN of IMMIGRATION
DETENTION FACILITY (Pulaski
County),

        Respondents.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Ibragimov Ravshan is currently imprisoned at the Pulaski County Detention Center in Ullin, Illinois (Doc. 1). Proceeding *pro se*, he filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his continued detention.

Petitioner is a native of the former Soviet Union, from the area now known as Uzbekistan, and is a citizen of Russia. He entered the United States on

---

[1] Some of petitioner's attached documents indicate that his surname/family name may be Ibragimov (Doc. 1-1, pp. 2-3, 5). The Inmate Search website of the Illinois Department of Corrections lists his first name as Ravshan, with surname Ibragimov, IDOC Inmate # M-32222, and shows he was discharged on parole on April 24, 2015. Website of the Illinois Department of Corrections, Offender Search page, http://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (Last visited Dec. 16, 2015) At this time, the court's docket sheet reflects that petitioner's surname is Ravshan, as presented on the petition (Doc. 1).

January 27, 2006, as a refugee, and has lived in this country since that time. His status was adjusted to lawful permanent resident on May 20, 2008. He asserts that he "is in [a] sense a stateless man as he entered the United States as a citizen of the former Soviet Union, which ceases to exist." (Doc. 1, p. 3).

Petitioner was convicted of burglary and larceny, under 720 ILCS 5/19-1(a) and 5/19-1(A), in Cook County, Illinois (Doc. 1-1, p. 5). He completed serving his sentence on April 25, 2015, at which time he was taken into custody of the ICE. On May 22, 2015, he was ordered to be removed to the former Soviet Union/Uzbekistan. Petitioner waived his right to appeal the deportation order (Doc. 1, p. 2-3). He remains in ICE custody.

ICE has attempted to remove petitioner to Russia or to the former Soviet Union/Uzbekistan. Petitioner claims he was "forced" to sign two travel documents under threat of prosecution (Doc. 1, p. 3). He has fully cooperated with the removal efforts, including calling embassy officials, who have informed him that no travel document would be issued for him. ICE has been unable to remove petitioner or obtain a travel document, and has not been able to verify whether petitioner is a citizen of either Russia or the former Soviet Union/Uzbekistan.

Petitioner's custody status was reviewed on August 9, 2015, and his continued detention was ordered. On July 16, 2015, petitioner sent a "letter 90 days request document" to respondent Wong and "D/O" but has received no reply. On November 20, 2015, petitioner received notice that authority over his custody

status had been transferred to the ICE Headquarters Post Order Detention Unit (HQPDU).

Petitioner asserts that under *Zadvydas v. Davis*, 533 U.S. 678 (2001), six months is the "presumptively reasonable period" during which ICE may detain an alien in order to effectuate his removal. The *Zadvydas* ruling also applies to inadmissible aliens, pursuant to the Supreme Court's decision in *Clark v. Martinez*, 543 U.S. 371 (2005). Further, he states that the HQPDU has a six-month period in which to determine whether there is a significant likelihood of the alien's removal in the reasonable near future. Petitioner claims that his presumptive six-month period expired on November 20, 2015 (about six months after his custody date of April 25, 2015).

Due to the unavailability of the necessary travel documents, petitioner's removal to Russia, Uzbekistan, or any other country is not likely to occur in the reasonably foreseeable future. Therefore, he claims, he should be entitled to release from custody under the terms of the applicable statute and case law (Doc. 1, pp. 5-6). He also asserts that substantive and procedural due process violations have occurred, which should lead to his release.

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[2] of the Rules Governing Section 2254 Cases in United States District Courts, and a response shall be ordered.

---

[2] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action brought under § 2241.

However, petitioner has named several respondents who are not proper in a § 2241 action. In *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006), the Seventh Circuit held that an immigration detainee raising substantive and procedural due process challenges to his "confinement while awaiting removal" could only name the person who has immediate custody of him during his detention, and not high-level Immigration and Customs Enforcement officials or the Attorney General. Accordingly, all defendants other than the Warden of the Pulaski County Detention Center will be dismissed from this case.

## Disposition

**IT IS HEREBY ORDERED** that Attorney General Loretta Lynch, DHS Secretary Jeff Charles Johnson, Ricardo A. Wong, and the Southern District of Illinois Field Office (which is not a person) are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the Warden of the Immigration Detention Facility/Pulaski County Detention Center shall answer the petition within thirty days of the date this order is entered.[3] This order to respond does not preclude the respondent from making whatever waiver, exhaustion, or timeliness arguments it may wish to present to the Court. Service upon the Warden of the Immigration Detention Facility/Pulaski County Detention Center, 20 Justice Drive, Ullin, Illinois, 62992 shall constitute sufficient service.

Pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send a copy of the letter constituting service, the petition, and this Order to the

---

[3] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, and to send a copy of the letter constituting service, petition, and Order via registered or certified mail to the United States Attorney General in Washington, D.C., and to the United States Department of Homeland Security.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and respondent) informed of any change in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 16, 2015**

Digitally signed by Judge David R. Herndon
Date: 2015.12.16 15:56:22 -06'00'

**United States District Judge**