IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IBRAGIMOV RAVSHAN,

        Petitioner,

vs.                                       Civil No.  15-cv-1306-DRH-CJP

WARDEN of IMMIGRATION
DETENTION FACILITY,

        Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

This matter is now before the Court on respondent's motion to dismiss petition for writ of habeas corpus as moot (Doc. 13).  Petitioner has not responded to the motion, and the time for doing so has now expired.  The Court deems the failure to respond to be an admission of the merits of the motion pursuant to SDIL-LR 7.1(c).

### Relevant Facts and Procedural History

Ibragimov Ravshan filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 challenging his detention by Immigration and Customs Enforcement (ICE).  According to ICE, Ravshan is a native of Uzbekistan who entered the United States as a refugee in 2006.  He was later convicted of burglary and larceny.  Doc. 1, Ex. 1, p. 5.  ICE brought removal proceedings, which petitioner did not challenge, and petitioner is now subject to an order of removal which became final in May 2015.  Doc. 1, Ex. 1, p. 3.

1

Petitioner has not yet been removed because ICE has been unable to procure a travel document from Uzbekistan. See, Doc. 8, Ex. 1, describing the efforts made to procure a travel document. Petitioner asserts that his continued detention by ICE is unlawful under *Zadvydas v. Davis*, 121 S. Ct. 2491 (2001).

The motion to dismiss states that, in January 2016, the Uzbekistani consulate informed ICE that Uzbekistan denied the request for a travel document because petitioner had not obtained a passport from that county when the Soviet Union was disbanded and Uzbekistan does not consider him to be a citizen. ICE then released petitioner from custody on an order of supervision on February 8, 2016. Doc. 13, p. 8.

## Analysis

A petition under 28 U.S.C. §2241 is the appropriate vehicle for challenging detention pending removal. *Zadvydas,* 121 S. Ct. at 2497-2498.

Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. *Spencer v. Kemna,* 118 S. Ct. 978, 983 (1998). Therefore, a detainee who is released while his petition for writ of habeas corpus is pending meets the "in custody" requirement; his release does not necessarily render his petition moot.

However, the petition must still present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be

2

redressed by a favorable judicial decision." *Spencer*, 118 S. Ct. at 983 (internal citation omitted).

The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). That is the situation here. Petitioner has received the relief sought, i.e., release from ICE custody pending removal.

## Conclusion

Respondent's motion to dismiss (Doc. 13) is **GRANTED**.

The petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 (Doc. 1) is moot. This action is **DISMISSED WITHOUT PREJUDICE**

**IT IS SO ORDERED.**

**DATE:** April 4, 2016

Digitally signed by Judge David R. Herndon
Date: 2016.04.04 15:30:50 -05'00'

**United States District Court**